## McCOY v. FLETCHER.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. PHYSICIANS AND SURGEONS—AGREEMENT AS TO SERVICES—EVIDENCE.
    Evidence as to plaintiff's operation as a surgeon on defendant's wife being performed with defendant's knowledge, and on his agreement to pay for it, *held* to make the finding for defendant in an action for the services against the weight of evidence.

Appeal from Municipal Court of New York.

Action by George F. McCoy against Fernando W. Fletcher. From a judgment for defendant after a trial without a jury, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Joseph H. Fargis, for appellant.
Frank G. Wild, for respondent.

HIRSCHBERG, J. Under the existing law, requiring this court to review the facts as well as the law upon appeals from the Municipal Court of the city of New York, this judgment must be reversed, as against the weight of evidence. The plaintiff sues as the assignee of a claim for the professional services of a physician and surgeon in attending consultations with the defendant's family physician, and in performing an operation upon the defendant's wife. The chief defense presented on the trial was that the operation was performed without the knowledge or consent of the defendant or of any member of his household. It appears that the plaintiff's assignor, Dr. Herman J. Boldt, was called into consultation with the defendant's family physician, Dr. Alphons A. Richardson, on the 17th of November, 1897, and, an operation being then decided on, it was performed by Dr. Boldt on the following day. There is no dispute as to the employment for that operation, and Dr. Boldt was promptly paid for it by the defendant within a day or two. Thereafter, at the request of the family physician, Dr. Boldt was called in consultation on the case several times, and the second operation was performed by him on November 29, 1897. It is the charge for these additional consultations and for the second operation that is now contested. The employment for the first operation was made originally by Dr. Richardson, with the defendant's express consent; and, in so far as he may have had authority to do so, Dr. Richardson unquestionably employed Dr. Boldt for the second one. He testified that he informed the defendant prior to the performance of the second operation that it was necessary, and that it had been decided on in the consultation. Dr. Boldt also testified that he informed the patient's sister, who was then apparently in charge of the household, requesting her to have the room prepared for the purpose, and that she was actually present at the second operation. Both the defendant and his sister-in-law denied the testimony of the physician in these particulars in most positive terms, and, if the case rested upon these conflicting statements, the result would be beyond interference on appeal. But there are other circumstances, not contradicted, which incline the weight of evidence in the plaintiff's favor. Dr. Boldt testified that, after sending the defendant two bills for the services in question, he saw him personally and told him it was time the bill was settled. To this the defendant replied that he had been under considerable expense, but that he would shortly settle up the account, if given time. Dr. Boldt further testified that the defendant in no way disputed the claim, excepting that he did object to the amount, and offered a sum in compromise, which was rejected. None of this evidence was denied by the defendant, so that it must be assumed as a fact that he did promise to pay the bill when it was first presented, and afterwards endeavored to get it reduced, but without in any degree questioning the services, or the authority of Dr. Boldt to render them. But this is not all. The defendant wrote Dr. Boldt two letters in relation to the bill, which corroborate the doctor's evidence. In one, dated January 10th, the defendant says:

"On my return Saturday from a trip west I recd. your (2) bills which will have my attention in a few days."

In the other, dated May 16, 1898, he says:

"Yours of the 13th to hand this P. M. and noted and in regard to the matter you speak of will say that I cannot make any different terms with you other than those agreed on at our last interview."

It is significant that in neither letter is there any suggestion that the services were rendered without authority. The first letter, in the absence of any other explanation, can only be regarded as a recognition of the validity of the bill, coupled with the promise of speedy payment, while the second one merely suggests that, in a personal interview, Dr. Boldt and the defendant had agreed upon more favorable terms of payment than the entire bill as presented. But this correspondence, with the oral testimony in corroboration, wholly unexplained and uncontradicted, gives preponderating force to the plaintiff's contention that the disputed operation was in fact performed in good faith, with the defendant's knowledge, and on his agreement at the time, express or implied, to pay for it. The judgment should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.